**No. 39720.**—Protests 550612–G, etc., of R. H. Stearns Co. (Boston).

Opinion by TILSON, J. Knit outerwear in chief value of. wool similar to that involved in Abstract 36548 was held dutiable at 50 cents per pound and 50 percent ad valorem under paragraph 1114 as claimed.

**No. 39721.**—Protests 669417–G, etc., of T. D. Shaw (New York).

Opinion by TILSON, J. Knit outerwear in chief value of wool similar to that involved in *United States* v. *International Clearing House* (24 C. C. P. A. 117, T. D. 48416) was held dutiable at 50 cents per pound and 50 percent ad valorem under paragraph 1114 as claimed.

**No. 39722.**—Protests 935032–G, etc., of Wm. Adams, Inc., et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 39723.**—Petition 5608–R of Gould & Eberhardt (New York).

Opinion by DALLINGER, J. From the record it was found that the petitioners proved that they acted in good faith and that the customs officials evidently regarded the whole matter as an inadvertance. Taking into consideration the demeanor of the witnesses and their utter frankness in testifying to all of the facts, the court was satisfied that the entry at a less value than that returned upon final appraisement was without any intention to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser. The petition was therefore granted.

BEFORE THE THIRD DIVISION, OCTOBER 28, 1938

**No. 39724.**—Protest 925822–G of Jetter & Scheerer Products, Inc. (New York).

Opinion by EVANS, J. On the record presented the protest was overruled.

**No. 39725.**—Protest 949369–G of Benjamin & Edward J. Gross Co., Inc. (New York).

Opinion by EVANS, J. There was nothing in the record to warrant disturbing the collector's action. The protest was therefore overruled.

**No. 39726.**—Protest 952121–G of Lancaster Linoleum Corp. (New York).

Opinion by EVANS, J. There was nothing in the record to warrant disturbing the collector's action. The protest was therefore overruled.